UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HEATHER M. K.,

                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

CASE NO. C25-5799-BAT

**ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Plaintiff seeks review of the denial of her application for Supplemental Security Income. She contends the ALJ misevaluated the medical evidence, her symptom testimony, and the lay witness testimony. Dkt. 14 at 2. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**BACKGROUND**

Plaintiff is currently 46 years old, has a GED, and has worked as a tube filling machine operator and order clerk. Tr. 34. She applied for benefits on March 16, 2020, alleging disability as of the same date. Tr. 17. Her applications were denied initially and upon reconsideration. Tr. 106, 145. ALJ Joyce Frost-Wolf held a hearing on April 27, 2023, and issued a decision finding Plaintiff not disabled. Tr. 149-61. Plaintiff requested Appeals Council review and on November

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 1

30, 2023, the Appeals Council vacated the hearing decision and remanded the case for further proceedings. Tr. 169-70. ALJ Mark Triplett held a second hearing on October 9, 2024, and issued a decision finding Plaintiff not disabled. Tr. 17-35. As the Appeals Council denied Plaintiff's request for review of ALJ Triplett's decision, the ALJ's decision is the Commissioner's final decision. Tr. 1-3.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since March 16, 2020.

**Step two:** Plaintiff has the following severe impairments: Right shoulder tendonitis with impingement syndrome; depressive disorder; anxiety disorder; attention deficit hyperactivity disorder ("ADHD"); and posttraumatic stress disorder ("PTSD").

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:** Plaintiff can perform light work as defined in 20 C.F.R. 416.967(b) except she can occasionally push/pull with the right upper extremity. She can frequently climb ramps and stairs but never climb ladders, ropes, or scaffolds. She can frequently balance, stoop, kneel, and crouch, but occasionally crawl. She can frequently, but not constantly, reach with the right, non-dominant upper extremity. She can perform simple, routine tasks, and can tolerate occasional, superficial contact with coworkers, but no direct interactive contact with the general public. She can tolerate occasional contact with supervisors. She requires regular work breaks at 2-hour intervals.

**Step four:** Plaintiff cannot perform her past work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, she is not disabled.

Tr. 20-23, 34.

---

[1] 20 C.F.R. § 416.920.

[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 2

**DISCUSSION**

The Court will reverse the ALJ's decision only if it is not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed on account of an error that is harmless. *Id.* at 1111. The Court may neither reweigh evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart,* 278 F.3d 947, 954 (9th Cir. 2002). Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation. *Id.*

Plaintiff contends the ALJ failed to properly evaluate the medical evidence, her symptom testimony, and the lay witness testimony, resulting in a deficient RFC and erroneous step five findings. Dkt. 14 at 2.

**A. Medical Opinion Evidence**

Plaintiff contends the ALJ misevaluated the opinions of Nickolas Jones, Ph.D., Terilee Wingate, Ph.D., Margie Williams, PMHNP-BC, Richard Henegan, M.D., Dorothy Leong, M.D., and the state agency psychological consultants. Dkt. 14 at 3-10.

The ALJ considers the persuasiveness of medical opinions using five factors, but supportability and consistency are the most important factors. 20 C.F.R. § 416.920c(b)(2), (c). The ALJ must explain how he considered supportability and consistency but need not explain how he considered other factors. 20 C.F.R. § 416.920c(b). An ALJ cannot reject a doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *Woods v. Kijakazi,* 32 F.4th 785, 792 (9th Cir. 2022). Conclusions alone are insufficient – "an ALJ can satisfy the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting evidence, stating his interpretation

thereof, and making findings.'"" *Garrison v. Colvin,* 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Reddick v. Chater,* 157 F.3d 715, 725 (9th Cir. 1998)).

**1. Nickolas Jones, Ph.D.**

Dr. Jones evaluated Plaintiff on July 2, 2020, and found Plaintiff can engage in and sustain basic activities for appropriate lengths of time, but her pace was variable, and she did not persist in difficult activities as appropriate. Tr. 676. Dr. Jones opined Plaintiff would struggle to get along with employers, coworkers, and customers in a work environment due to a high level of psychological distress and would likely experience a high level of absenteeism. *Id.* The ALJ found Dr. Jones's opinion somewhat persuasive, agreeing Plaintiff's interactions and pace were moderately affected by her mental symptoms, but found no evidence to support Dr. Jones's opinion on excessive absenteeism. Tr. 31. The ALJ further noted Dr. Jones's opinion was unsupported because he did not review the longitudinal record and his opinion was vague, poorly explained, and unsupported by his findings on exam. *Id.* As for consistency, the ALJ found the opinion inconsistent with Plaintiff's limited participation in treatment, improvement in her mental conditions, and normal mental status findings throughout the record. *Id.*

Plaintiff argues the ALJ erred by improperly substituting his opinion for that of Dr. Jones and that the record supports Dr. Jones's opinion on absenteeism. Dkt. 14 at 3-4. Plaintiff's argument fails to establish error because it is the ALJ who is responsible for translating clinical findings into a succinct RFC. *Rounds v. Comm'r of Soc. Sec. Admin.,* 807 F.3d 996, 1006 (9th Cir. 2015); *Farlow v. Kijakazi,* 53 F.4th 485, 488 (9th Cir. 2022) ("ALJs are, at some level, capable of independently reviewing and forming conclusions about medical evidence"). Further, despite asserting evidence in the record supports the absenteeism opinion, Plaintiff fails to cite any of this evidence. Conclusory statements are insufficient to establish harmful error. *Indep.*

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 4

*Towers of Wash. v. Washington,* 350 F.3d 925, 929 (9th Cir. 2003) ("a bare assertion of an issue does not preserve a claim.").

Plaintiff also contends Dr. Jones's opinion is supported by his exam findings, consistent with the longitudinal record, and was not undermined by her improvement or his failure to review the record. Dkt. 14 at 4. Again, she fails to provide any record support for her assertions and accordingly fails to establish harmful error. *Putz v. Kijakazi,* 2022 WL 6943095, at *2 (9th Cir. Oct. 12, 2022) (holding where claimant gave "short shrift" to her arguments, failing to "actually argue" any of her points beyond "bare assertions of error," she waived the arguments).

Further, Plaintiff has failed to address all of the ALJ's reasons for finding Dr. Jones's opinion somewhat unpersuasive. The ALJ found Dr. Jones's opinion vague and poorly explained, noting Dr. Jones expressed Plaintiff would "likely struggle" with some aspects of work like social interaction. Tr. 676. This was a valid reason to find the opinion unpersuasive. *Ford v. Saul,* 950 F.3d 1141, 1156 (9th Cir. 2020) (finding a physician's descriptions of the plaintiff's limitations as "limited" or "fair" were not useful because they failed to specify functional limits); *Pernell v. Kijakazi*, 2022 WL 1638815, at *1 (9th Cir. May 24, 2022) (ALJ permissibly found medical opinion unsupported where the opinion failed to assess any functional limitations). The Court thus affirms the ALJ's evaluation of Dr. Jones's opinion.

### 2. Terilee Wingate, Ph.D.

Dr. Wingate evaluated Plaintiff on April 16, 2020, and diagnosed Plaintiff with chronic PTSD and recurrent major depressive disorder. Tr. 566. Dr. Wingate opined mild and moderate limitations in most basic work activities, but found Plaintiff markedly limited in her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms. Tr. 566. Dr. Wingate estimated Plaintiff's condition could be expected to last six to

eight months with available treatment and vocational training or services would minimize or eliminate barriers to employment. Tr. 567.

The ALJ agreed Plaintiff had moderate limitations in mental functioning but found Dr. Wingate's marked limitation was unsupported and inconsistent with the record. Tr. 32. Regarding supportability, the ALJ noted Dr. Wingate expressed the limitation on a check-box form without explanation, the limitation was not supported by Dr. Wingate's exam findings, and the severity of the limitation was not consistent with her own reports that the limitations would last only six to eight months and that Plaintiff would benefit from vocational training. Tr. 32. Turning to consistency, the ALJ found Dr. Wingate's opinion inconsistent with Plaintiff's limited participation in treatment, reports of improvement in her mental conditions, and normal mental status findings in the record.

Plaintiff argues Dr. Wingate's clinical observations and narrative discussion of Plaintiff's history support her opinion. Dkt. 14 at 5. An ALJ may properly discount a medical opinion presented as a checkbox form that does not explain the bases for the doctor's conclusions. *Ford,* 950 F.3d at 1155. However, that an opinion is rendered, in part, on a check box form is not reason alone to reject the opinion. *See Trevizo v. Berryhill,* 871 F.3d 664, 677 n.4 (9th Cir. 2017) ("there is no authority that a "check-the-box" form is any less reliable than any other type of form"). While portions of Dr. Wingate's opinion utilized a check box format, Dr. Wingate also supported her opined limitations with a clinical interview and mental status examination. Tr. 564-68. That Dr. Wingate did not write the specific bases for each limitation next to that limitation is not a rational reason to reject her opinion. *Adria H. v. Comm'r of Soc. Sec.,* 2022 WL 73870, at *4 (W.D. Wash. Jan. 7, 2022); *Dukes v. Astrue,* 2011 WL 2292356, at *3 (W.D. Wash. May 23, 2011) ("While the doctor's explanation of his opinion is skimpy, as is typical of

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 6

virtually all evaluations using the DSHS form, this is not a situation in which the doctor rendered a conclusory opinion, and nothing more.").

The ALJ also found Dr. Wingate's opinion was not supported by her own report that Plaintiff would be impaired for only six to eight months with available treatment. Tr. 32. Plaintiff contends this was an invalid reason because her limitations persisted well beyond eight months. Dkt. 14 at 5. To be found disabled, a plaintiff must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). It is not unreasonable for an ALJ to reject a doctor's limitations where the doctor has opined they would last for less than 12 months. *Karen B. v. Comm'r of Soc. Sec.,* 2018 WL 5262980, at *2 (W.D. Wash. Oct. 23, 2018); *Karpinski v. Berryhill,* 757 F. App'x 631, 633 (9th Cir. 2019) ("The ALJ reasonably took into account Dr. Magdaleno's opinion that Karpinski's limitations would last eight months, short of the twelve months necessary to establish eligibility for disability benefits."). Accordingly, this was a valid reason to reject Dr. Wingate's opinion.

The ALJ found Dr. Wingate's opinion less persuasive because the DSHS definitions of the severity ratings for mental limitations do not directly correspond to the Social Security Administration's ratings. Tr. 32. Plaintiff argues this was not a valid reason for rejecting Dr. Wingate's opinion about her functional limitations. Dkt. 14 at 6. An ALJ may consider a medical source's familiarity with and understanding of Social Security policies and evidentiary requirements when evaluating medical opinions. 20 C.F.R. § 404.1520c(c)(5). That said, "[l]inguistic differences have little to do with the substance of a psychological evaluation and provide little justification for rejecting an adequately supported opinion." *Dunham v. Astrue,*

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 7

2009 WL 3233114, at *6 (E.D. Wash. Oct. 2, 2009). Especially where, as here, the opinion includes a narrative explanation and mental status examination. *Cf. Martin v. Astrue*, 2011 WL 3626771, at *10 (E.D. Wash. Aug. 17, 2011) (finding differences in such definitions reduced the value of an opinion "particularly where there is little narrative explaining the opinion."). Accordingly, this was not a valid reason to reject Dr. Wingate's opinion.

Plaintiff asserts there is no medical basis for each of the ALJ's consistency findings but fails to elaborate further or engage in any meaningful manner with the ALJ's proffered reasons and record citations. Dkt. 14 at 6. As such, this conclusory statement is insufficient to raise an adequate argument, and the Court will not manufacture arguments where none are presented. *Indep. Towers,* 350 F.3d at 929.

In sum, because the ALJ gave at least one valid reason supported by substantial evidence to discount Dr. Wingate's opinion, the inclusion of any invalid reasons is harmless, and the Court affirms the ALJ's determination. *Carmickle v. Comm'r, Soc. Sec. Admin.,* 533 F.3d 1155, 1162 (9th Cir. 2008).

### 3. Margie Williams, PMHNP-BC

NP Williams evaluated Plaintiff on May 7, 2024, and opined Plaintiff has moderate limitations in nearly all areas of basic work activities. Tr. 1407. The ALJ found her opinion somewhat persuasive because NP Williams personally examined Plaintiff, her opinion was generally supported by her findings on exam and consistent with Plaintiff's minimal treatment. Tr. 33. However, the ALJ found her opinion less persuasive because NP Williams used a check-box form without explaining her opinion and because the definitions of limitations used by DSHS differ from those used by the agency for assessing mental disorders. *Id.*

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 8

Plaintiff argues the ALJ erred by finding NP Williams's opinion somewhat persuasive for the same reasons he erred in his evaluation of Dr. Wingate's opinion. Dkt. 14 at 5-6. The Court agrees. Like Dr. Wingate, NP Williams opined her limitations in a check box format, but also included a clinical interview, mental status examination, and clinical findings. Tr. 1404-09. And the slight differences in definitions used by DSHS and SSA are not a valid justification for rejecting an otherwise supported opinion.

While the Court agrees the ALJ erred with respect to his analysis of NP Williams's opinion, it cannot say this error was harmful. The ALJ did not specifically find any of her limitations unpersuasive, and the RFC is not inconsistent with the opinion. *Turner v. Berryhill*, 705 F. App'x 495, 498 (9th Cir. 2017) (finding no error where ALJ failed to mention medical opinion in decision where RFC was consistent with that opinion). Nor has Plaintiff identified any limitation not already listed in the RFC that she contends should have been included. *See Valentine v. Comm'r of Soc. Sec. Admin.,* 574 F.3d 685, 692 n.2 (9th Cir. 2009) (refusing to find the ALJ failed to account for claimant's injuries in some unspecified way). Accordingly, any error committed in finding NP Williams's opinion only partially persuasive was harmless.

**4.  Richard Henegan, M.D.**

Plaintiff contends the ALJ properly rejected Dr. Henegan's opinion that Plaintiff can perform medium work but failed to fully account for the functional effects of her shoulder impairment. Dkt. 14 at 7. Conclusory statements unaccompanied by analysis or legal arguments are insufficient to demonstrate harmful legal error. *Sekiya v. Gates*, 508 F.3d 1198, 1200 (9th Cir. 2007).

**5.  Other Medical Evidence**

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 9

Plaintiff summarizes various treatment notes and concludes that such evidence undermines the ALJ's rationale for rejecting her testimony about her mental and physical limitations. Dkt. 14 at 7-10. Summaries of evidence unaccompanied by analysis or legal argument do not demonstrate harmful error. *Putz,* 2022 WL 6943095, at *2 (noting where plaintiff "lists numerous clinical findings, unaccompanied by argument, intended to corroborate testimony the ALJ discounted; any argument based on these findings is waived.").

### 6. Prior Administrative Medical Findings

State agency medical consultant Dorothy Leong, M.D., found at the reconsideration level Plaintiff was limited to medium work and occasional reaching with the right upper extremity. Tr. 134-35. The ALJ found Dr. Leong's opinion unpersuasive, and instead limited Plaintiff to light work and frequent reaching with the right upper extremity. Tr. 22-23, 30. Plaintiff argues the ALJ correctly rejected Dr. Leong's finding she could perform medium work but did not state any valid reason for rejecting the limitation to occasional reaching. Dkt. 14 at 10. But the ALJ explicitly stated this limitation was not supported due to limited treatment for her shoulder problems and preserved strength in that region. Tr. 30.

Indeed, as noted earlier in the decision, Plaintiff's shoulder strength remained largely intact, and she improved after undergoing a course of physical therapy. *See* Tr. 25 (citing Tr. 773, 1339); *see also* 1339-79 (physical therapy progress notes between April and August 2021 showing improvement in strength, pain, and range of motion). There is no evidence of further treatment for Plaintiff's shoulder after her last physical therapy progress note in August 2021. Thus, the ALJ's decision to reject Dr. Leong's limitation to occasional reaching was supported by substantial evidence. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (the ALJ may reject medical opinions that are unsupported by the record as a whole or

by objective medical findings); *Wennet v. Saul*, 777 F. App'x 875, 877-78 (9th Cir. 2019) (affirming ALJ's rejection of medical opinion where it was inconsistent with claimant's conservative treatment history).

Finally, Plaintiff contends the ALJ failed to acknowledge the state agency psychological consultants "applied an incorrect legal standard in their review, by improperly asserting that "the objective medical evidence alone does not substantiate the allegations."" Dkt. 14 at 10 (citing Tr. 140). Plaintiff has not identified any particular error in the ALJ's assessment of these opinions. Accordingly, the Court will not disturb the ALJ's findings.

In sum, the ALJ did not harmfully err in his analysis of the medical evidence.

**B. Plaintiff's Symptom Testimony**

The ALJ found Plaintiff's impairments could reasonably be expected to cause her symptoms and did not find malingering. The ALJ was thus required to provide clear and convincing reasons to discount her testimony. *Vertigan v. Halter,* 260 F.3d 1044, 1049 (9th Cir. 2001). "General findings are insufficient; rather, an ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1996). In other words, an ALJ's findings must be "sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Brown-Hunter v. Colvin,* 806 F.3d 487, 493 (9th Cir. 2015).

Plaintiff argues the ALJ's evaluation of her testimony was tainted by his improper evaluation of the medical evidence. Dkt. 14 at 11. This argument fails to establish error because the ALJ properly evaluated the medical evidence, as discussed above. Plaintiff further argues the ALJ erred by providing a selective summary of the medical evidence before finding his RFC

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 11

determination was consistent with the evidence. Dkt. 14 at 12 (citing *Brown-Hunter,* 806 F.3d at 489). The Court disagrees. Here, the ALJ summarized the medical evidence and Plaintiff's allegations and stated specifically what evidence undermined her testimony. Tr. 23-29. "The ALJ's explanation for [his] assessment of [Plaintiff's] testimony was thus more than a single general statement that [Plaintiff's] statements are not credible and is sufficient to allow appellate review." *Nadon v. Bisignano,* 145 F.4th 1133, 1137 (9th Cir. 2025) (cleaned up) (distinguishing *Brown-Hunter,* 806 F.3d at 493).

The ALJ discounted Plaintiff's testimony as inconsistent with the medical evidence, finding it showed Plaintiff received minimal and conservative treatment with gaps in care; had overall normal findings on exam; improved with treatment; and engaged in activities incompatible with disabling conditions. Tr. 23-29.

### 1. Plaintiff's Treatment History

For both her physical and mental impairments, the ALJ found Plaintiff's testimony inconsistent with minimal and conservative treatment, long gaps in care, and improvement with treatment. Tr. 26, 29.

The record shows Plaintiff's pain, strength, and range of motion all improved with physical therapy between April and August 2021, and there is no evidence Plaintiff sought further treatment after completing physical therapy. *See* 1339-79. Evidence of conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment. *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007); *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (classifying physical therapy as conservative treatment). And impairments that can be controlled with treatment are not disabling. *Warre v. Comm'r of Soc. Sec. Admin.,* 439

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 12

F.3d 1001, 1006 (9th Cir. 2006). Thus, the ALJ provided clear and convincing reasons for rejecting Plaintiff's testimony regarding her physical impairments.

However, Plaintiff's treatment for her mental impairments cannot properly be classified as conservative. Plaintiff was prescribed Celexa, Cymbalta, Lamictal, Effexor, and Wellbutrin. Tr. 786, 807, 1218. Treatment with such medications is not conservative. *Drawn v. Berryhill,* 728 F. App'x 637, 642 (9th Cir. 2018) (finding ALJ's characterization of treatment as conservative improper where claimant was prescribed "a number of psychiatric medications"); *Baker v. Astrue,* 2010 WL 682263, at *1 (C.D. Cal. Feb. 24, 2010) ("Where mental activity is involved, administering medications that can alter behavior shows anything but conservative treatment."). The ALJ also suggested Plaintiff's treatment was conservative because she was not hospitalized for psychiatric treatment. Tr. 29. But a claimant may suffer from mental impairments that prevent her from working but do not require psychiatric hospitalization. *Schiaffino v. Saul,* 799 F. App'x 473, 476 (9th Cir. 2020) (finding hospitalization is not required to show that mental health conditions are disabling).

Nor does the record reflect significant improvement in Plaintiff's mental condition. The Ninth Circuit has recognized "while discussing mental health issues, it is error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment." *Garrison*, 759 F.3d at 1017. Although Plaintiff occasionally reported her medication was effective or that she was feeling better, such reports were not reflective of the overall diagnostic picture. *Compare* Tr. 1084 (6/1/2022 therapy session, Plaintiff reports recent decrease in depression symptoms and lowered stress levels) *and* Tr. 1088 (6/28/2022 therapy session, Plaintiff reports her current intensity of symptoms is 8/10). Mental status exams throughout the record consistently reflect depressed mood, flat affect, tearful behavior, and other abnormal

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 13

findings. *See, e.g.,* Tr. 615, 619, 731, 733, 740, 763, 768, 787, 794, 843, 1113, 1186-87, 1418, 1447-48, 1454, 1458, 1461. Considering such findings, Plaintiff's reports of improvement are more reflective of the waxing and waning of symptoms than of a sustained course of improvement. *Garrison*, 759 F.3d at 1017 ("Reports of "improvement" in the context of mental health issues must be interpreted with an understanding of the patient's overall well-being and the nature of her symptoms."). And while Plaintiff intermittently attended counseling throughout the relevant period, she was consistently treated with antidepressants and thus experienced no gap in care that would undermine her testimony. Accordingly, Plaintiff's treatment was not a clear and convincing reason to reject her testimony regarding her mental impairments.

## 2. Daily Activities

An ALJ may reject a claimant's symptom testimony as inconsistent with the claimant's daily activities. *Burch v. Barnhart,* 400 F.3d 676, 681 (9th Cir. 2005). But "ALJs must be especially cautious in concluding daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." *Garrison,* 759 F.3d at 1016. Thus, the level of activity must be inconsistent with the claimed limitations to have any bearing on the claimant's credibility. *Reddick,* 167 F.3d at 722.

Here, there is no "reasonable inference that such an inconsistency exists." *Ferguson v. O'Malley,* 95 F.4th 1194, 1203 (9th Cir. 2024). The ALJ found Plaintiff's activities such as household chores, cooking, reading, shopping in stores, and playing games were inconsistent with the degree of severity alleged, and inconsistent with her recent testimony that she spends most of the day in bed. Tr. 26, 29. None of these activities involve excessive reaching, lifting, standing, or rotating her shoulder that would contradict Plaintiff's testimony regarding her

physical impairments. Tr. 61-63. And Plaintiff explained that crowds make her anxious, so she tries to go shopping when stores are less likely to be crowded, such as early in the morning. Tr. 58-59. While Plaintiff testified that she spends most of the day in bed, she qualified her statement with "I do get up. I do some house chores. I walk the dog a little bit and run errands, but I spend most of the time sitting or laying in my bed." Tr. 64.

Daily activities may also be grounds for discounting testimony if a claimant is able to spend a substantial part of her day performing physical functions that are transferable to a work setting. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). There is no indication here that the activities Plaintiff engaged in either comprised a substantial part of her day or were transferable to a work environment. *Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017) (activities such as cooking simple meals, house chores, caring for a pet, and occasional shopping are not similar to typical work responsibilities). Therefore, this was not a clear and convincing reason for rejecting Plaintiff's testimony.

### 3. Objective Medical Evidence

Plaintiff argues the ALJ applied an incorrect legal standard when he asserted that her testimony was not fully supported by the objective medical evidence. Dkt. 14 at 11. An ALJ may not reject a claimant's testimony based solely on a lack of medical evidence to fully corroborate the degree of severity alleged, but it is a factor the ALJ can consider. *Burch,* 400 F.3d at 680. And "[w]hen objective medical evidence in the record is inconsistent with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022). The ALJ found Plaintiff's testimony was not supported by the objective medical evidence, which included largely benign physical findings and normal mental status findings. Tr. 26, 29.

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 15

The ALJ acknowledged abnormal physical findings on exam such as decreased range of motion in the right shoulder, however, he also noted Plaintiff retained normal motor strength and could passively achieve full range of motion. Tr. 25 (citing Tr. 773). The ALJ reasonably evaluated the objective medical evidence and made specific findings to support his assessment of Plaintiff's alleged limitations. Plaintiff may disagree with the ALJ's interpretation of the evidence, but her alternative interpretation is insufficient to establish error. As the ALJ provided other reasons for rejecting Plaintiff's testimony regarding her physical impairments, he did not err by also considering the lack of corroborating medical evidence.

The ALJ discussed Plaintiff's abnormal mental status findings throughout the record such as depressed mood, flat affect, limited eye contact, and fatigued behavior. Tr. 28. However, he stated these findings were "counterweighed by the normal findings at other exams." Tr. 29. The ALJ failed to explain why the normal findings outweighed the abnormal findings and accordingly erred. *Garrison,* 759 F.3d at 1012-13 (finding the ALJ erred by cherry-picking statements that did not reflect the diagnostic record as a whole). The ALJ's reliance on normal mental status findings was further erroneous as he did not provide other clear and convincing reasons for rejecting Plaintiff's testimony regarding her mental impairments, and accordingly could not have relied solely on the lack of corroborating medical evidence.

Plaintiff provides a five-page summary of her hearing testimony and concludes the ALJ improperly rejected this testimony, which shows she is more limited than the ALJ found her to be. Dkt. 14 at 12-17. Summaries of evidence and conclusory statements unaccompanied by analysis or legal arguments are insufficient to demonstrate harmful legal error. *Sekiya,* 508 F.3d at 1200.

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 16

In sum, the ALJ gave clear and convincing reasons for rejecting Plaintiff's testimony regarding her physical impairments but failed to do so for her testimony regarding her mental impairments. The Court concludes the ALJ harmfully erred and must reassess this testimony on remand.

### C.  Lay Testimony

Plaintiff's cousin provided a lay witness statement about the impact of Plaintiff's anxiety and depression. Tr. 391-97. The ALJ did not articulate how persuasive he found the lay statement but stated it was not fully consistent with the medical evidence for the same reasons Plaintiff's testimony was not fully consistent. Tr. 33. As the Court has found the ALJ erred in discounting Plaintiff's testimony, the ALJ shall reassess the lay testimony on remand.

### D.  Step Five and RFC Determination

Because the ALJ erred in assessing Plaintiff's testimony and the testimony of her cousin, the RFC determination fails to account for all limitations, and the ALJ's step five findings must be reassessed on remand.

<strong>CONCLUSION</strong>

For the foregoing reasons, the Commissioner's final decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ shall reassess the testimony of Plaintiff regarding her mental impairments and symptoms and the testimony of Plaintiff's cousin; develop the record and redetermine RFC as needed; and proceed to the remaining steps of the disability evaluation process as necessary.

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 17

DATED this 6th day of April, 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 18